LITTLE v. RIXFORD.

KEANE v. RIXFORD.

Incompetent Person; Fraud; Undue Influence; Evidence; Gifts.

A finding that a donor was of unsound mind at the time of making gifts to strangers is warranted by evidence that she was approaching ninety years of age, was, eight months after making the gifts, adjudged a lunatic while suffering from senile dementia, a condition existing before she made the gifts, and that while in such condition she made a will in favor of the donees, who had obtained influence over her, thereby revoking a prior will to which the scrivener had declined to add a codicil in favor of one of the donees, because of her mental condition, but to which he finally did add a codicil giving such donee a small sum, because of her avowed fear of him in case she failed to add it.

Nos. 2697 and 2698. Submitted November 6, 1914. Decided December 7, 1914.

Hearing on separate appeals by the defendants from decrees of the Supreme Court of the District of Columbia vacating stock transfers to each defendant and ordering the surrender of the stock and vacating the gifts of money and ordering its payment to the plaintiff.          *Affirmed.*

The COURT in the opinion stated the facts as follows:

Two bills were filed by the Washington Loan & Trust Company as committee of Caroline L. Rixford, a lunatic, the first against George E. Little, appellant, and the Union Savings Bank, and the second against Callahan F. Keane, appellant, and the Union Savings Bank.

The object of the bills was to cancel the transfer of twenty shares of the Union Savings Bank, ten each to Little and Keane respectively, made about December 31, 1912, and to recover of defendant Little the sum of $2,500, and from defendant Keane the sum of $2,700 given them by the said Caroline L. Rixford in November, 1912.

The said Caroline L. Rixford was adjudged a lunatic in a proceeding had in the supreme court of the District of Columbia August 14, 1913, and the Washington Loan & Trust Company appointed her committee. The bills were filed in the name of Caroline L. Rixford by the Washington Loan & Trust Company as her committee and next friend.

It was alleged that she was of unsound mind at the time of making said transfers and gifts; that they were procured by the defendants, who knew of the condition of the donor, and through the exercise of persuasion, undue influence, etc.

The defendants severally denied the lunacy of the donor and the exercise of undue influence, fraud, etc.

The testimony tended to show that the said Caroline L. Rixford was suffering from senile dementia on the date of the adjudication, and the said condition existed for a period of about two years before. She was between eighty-five and eighty-nine years of age. She owned an estate of about $40,000, and her securities were kept in the safety deposit vaults of the Union Savings Bank, of which Keane was custodian. He had a duplicate key to her box. He had occasionally advised her, and had once loaned her about $60 to pay her taxes. She was very friendly with him, and dined at his house every two weeks. Little was impecunious, and by his solicitation obtained from said Caroline L. Rixford permission to remove to her apartment

in the New Berne apartment house, where he kept a room for about four years. He performed various services for her, among others assisted in cooking and sweeping the apartment. He also collected rent for her during the time. He and Keane accompanied her to a law office on August 16, 1912, where she made a will appointing them her executors without bond. She bequeathed to them in trust for her nephew, Bradford R. Pease, $7,000, and to his son Edwin, $10,000, to be held for the latter until he became twenty-five years of age. After giving legacies to two sons of Little of $500 each, $100 to his daughter, and to Keane $3,000 and to his wife and daughter each $100, and some other persons, she bequeathed the residue of her estate to said Little and Keane.

This will worked a revocation of a previous will made in October, 1909. She visited the office of the scrivener of the former will in July, 1911, and wanted a codicil made to that will, which the attorney declined to make because he thought she was in no mental condition to warrant it. She visited his office again on March 26, 1912, in company with Little, who said that she wanted to see him about a modification of her will, and that she did not understand that she had given so much to her nephew. The attorney took her into an inner office and questioned her. She said Little wanted her to change her will and give him a legacy of $5,000. He told her she was in no condition to make a will. She was nervous, and said she would be afraid to go back to the house with Little. Was afraid he would be ugly to her because of her not making this change, and insisted that he should make a codicil for her, giving Little something. The attorney then prepared for her a codicil to the will, giving Little $200. The amount was so small that he did not think it would do any harm.

The testimony concerning the mental condition of the said Caroline L. Rixford at the time of transferring the stock and giving the $2,700 to Keane and the $2,500 to Little was in conflict.

The learned trial justice who heard the witnesses was of the opinion that, as a matter of fact, the said Caroline L. Rixford

was not of a sound mind on said dates and was incapable of attending to business. He rendered decrees vacating the stock transfers to each defendant, and ordering the surrender of the stock, and also against each respectively, vacating the gifts of money and ordering its payment to the plaintiff.

Each defendant took a separate appeal, and the said appeals were argued and submitted together.

*Mr. Wilton J. Lambert, Mr. D. W. Baker,* and *Mr. Rudolph H. Yeatman* for the appellant.

*Mr. Frederick A. Fenning* and *Mr. Spencer Gordon* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

From an examination of the statement of the evidence, its weight seems to support the decree, and we cannot say there was any error in the decision.

Each decree will, therefore, be affirmed, with costs.

*Affirmed.*